[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10028

_____

D.C. Docket No. 2:14-cv-01091-RDP

APRIL AARON-BRUSH,
GINGER AARON-BRUSH,

Plaintiffs - Appellants,

versus

ATTORNEY GENERAL STATE OF ALABAMA,
in his official capacity as Attorney General of Alabama,
JULIE MAGEE,
in her official capacity as Commissioner of Revenue of the
State of Alabama,
HUGH B. MCCALL,
Colonel, in his official capacity as Director of the
Alabama Department of Public Safety,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 30, 2017)

Before WILSON and JILL PRYOR, Circuit Judges, and BARTLE,[*] District Judge.

PER CURIAM:

Plaintiffs April and Ginger Aaron-Brush, a same-sex couple married in Massachusetts and living in Alabama, sued the Alabama Attorney General, Commissioner of Revenue, and Director of the Department of Public Safety under 42 U.S.C. § 1983 for Alabama's refusal to recognize their legal marriage. During the course of the parties' litigation but before the district court ruled on the merits of the Aaron-Brushes' claims, the Supreme Court in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), recognized a constitutional right of same-sex couples to marry and the obligation of states to recognize those couples' marital rights. After *Obergefell*, the district court convened a conference with the parties at which the defendants agreed to comply with the Supreme Court's decision and, specifically, to ensure that the Aaron-Brushes were able to receive new driver's licenses from the Department of Public Safety and to file their taxes jointly. After the conference, the district court dismissed the Aaron-Brushes' claims as moot and denied the couple's motion for attorney's fees. In this appeal from the denial of attorney's fees, we must decide whether there was a judicially sanctioned change in the relationship of the parties that would justify an award of attorney's fees.

---

[*] Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

After careful review, and with the benefit of oral argument, we conclude that there was no such judicially sanctioned change and affirm the district court's ruling.

## I.    Background

The Aaron-Brushes were married in Massachusetts in 2012.  Despite the legality of their marriage under Massachusetts law, Alabama refused to recognize the marriage and its appurtenant rights, including the rights to file tax returns jointly and to obtain driver's licenses that reflected their marriage, because Alabama banned same-sex marriage under its state constitution and statutory code. *See* Ala. Const. art. 1, § 36.03; Ala. Code § 30-1-19.  The couple sued the defendants under 42 U.S.C. § 1983, alleging that the refusal to recognize their marriage violated their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  The couple requested relief in the form of a declaratory judgment that Alabama's same-sex marriage ban was unconstitutional and permanent injunctions directing the defendants to recognize marriages validly entered into outside of Alabama and preventing the defendants from enforcing the state's marriage ban.

When the Supreme Court granted certiorari in *Obergefell*, the parties jointly asked the district court for an extension of time to file dispositive motions.  The district court granted the motion.  When the Supreme Court in *Obergefell* recognized the right of same-sex couples to marry and the obligation of states to

3

recognize these marriages, the parties filed a joint motion to set a briefing schedule, which stated: "The parties are now in agreement that the Supreme Court's decision in *Obergefell v. Hodges* . . . conclusively resolves the legal issues in this case and that no further briefing on the merits is necessary." Doc. 26 at 1.[1] Nonetheless, "the parties disagree[d] as to the proper course of action." *Id.* The parties asked the court for a new briefing schedule pursuant to which they could address these remaining disagreements.

In response to the motion, the district court held a status conference. The court opened the conference by asking, "Do we all agree that [*Obergefell*] is now the law of the land?" Doc. 50-1 at 4. Both sides agreed that it was the law of the land and was binding on the defendants. When asked whether "each of the defendants [was] committed to complying with the Supreme Court's decision," the defendants affirmed that they were. *Id.*

Notwithstanding the defendants' concessions, the Aaron-Brushes requested that the district court grant them relief, either in the form of an injunction, a consent judgment, or a declaratory judgment. The district court expressed skepticism that these forms of relief would be necessary or appropriate because the defendants had already conceded that *Obergefell* bound them. But, when the Aaron-Brushes reiterated that, in addition to a statement that the defendants would

---

[1] "Doc." refers to the numbered entry on the district court's docket in this case.

4

recognize their marriage, they wanted their names changed on their driver's licenses to reflect their marriage and assurances that they could file taxes jointly, the district court facilitated those requests. The court proposed that the defendants: (1) deliver to the Aaron-Brushes a letter stating that the Alabama Department of Revenue would allow them to file their taxes jointly; (2) help coordinate the Aaron-Brushes' visit to the Department of Public Safety to obtain new licenses; and (3) notify the court in writing that they had completed these two steps and agreed to be bound by *Obergefell*. The defendants agreed to take these steps.

The defendants thereafter filed a notice in conformance with the district court's directive. The Aaron-Brushes responded to the notice by requesting that the district court issue a declaratory judgment and permanent injunctions as sought in their complaint. The defendants moved to dismiss the action as moot. The district court denied the Aaron-Brushes' request and granted the defendants' motion. The Aaron-Brushes did not appeal the mootness order; rather, they moved for attorney's fees under 42 U.S.C. § 1988(b), which permits a "prevailing party" (other than the United States) in § 1983 litigation to recover a reasonable attorney's fee. The district court denied the motion for attorney's fees, concluding that the Aaron-Brushes were not prevailing parties.

This is the Aaron-Brushes' appeal of the denial of an attorney's fee award.

5

## II.    Standard of Review

"We review the factual findings underlying a district court's determination regarding 'prevailing party' status for clear error."  *Church of Scientology Flag Serv., Org.* v. *City of Clearwater*, 2 F.3d 1509, 1512 (11th Cir. 1993).  "Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed *de novo*."  *Id.* at 1513.  Because the parties dispute whether the facts as found sufficed to render the Aaron-Brushes prevailing parties under § 1988(b), our review is *de novo*.

## III.    Discussion

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser . . . . Congress, however, has authorized the award for attorney's fees to the 'prevailing party' in numerous statutes," including § 1988(b).  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001).  A plaintiff "prevails" within the meaning of *Buckhannon* when an action of the district court involves a "court-ordered change in the legal relationship between the plaintiff and the defendant," such as a judgment on the merits of her claim, a consent decree, or a settlement agreement that the district court either incorporates into its final order of dismissal or explicitly retains jurisdiction to enforce.  *Id.* (alterations and internal quotation marks omitted); *see Am. Disability Ass'n v.*

6

*Chmielarz*, 289 F.3d 1315, 1319-20 (11th Cir. 2002) (noting that the judicial actions discussed in *Buckhannon*—relief on the merits and consent decrees—are merely examples of actions through which a plaintiff may "prevail," emphasizing that "[t]he essential test established by the [*Buckhannon*] Court requires the plaintiff to achieve a 'judicially sanctioned change in the legal relationship of the parties.'" (quoting *Buckhannon*, 532 U.S. at 605)).  Conversely, a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  *Buckhannon*, 532 U.S. at 605.

The characteristic shared by judicial actions that pass *Buckhannon*'s test is that such actions entail district court oversight and enforcement authority.  *See Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 279-81 (4th Cir. 2002).  Whereas private settlements "do not entail . . . judicial approval and oversight" and therefore cannot satisfy *Buckhannon*, consent decrees and settlement agreements approved by the court—which do satisfy *Buckhannon*—involve an "obligation to comply" with the court's directives.  *Id.* (internal quotation marks omitted); *see also Roberson v. Giuliani*, 346 F.3d 75, 83 (2d Cir. 2003) ("In the case of both consent decrees and private settlement agreements over which a district court retains enforcement jurisdiction, the district court has the authority to force compliance with the terms agreed upon by the parties.").

7

The Aaron-Brushes contend that the district court's directives during the status conference constituted a judicially sanctioned change in the parties' relationship within the meaning of *Buckhannon*. Again, these three directives were that the defendants submit a letter confirming that the couple could file taxes jointly, coordinate the couple's trip to the Department of Public Safety for new driver's licenses, and file a notice with the court stating the defendants' intent to comply with *Obergefell*. In our view, the district court's directives were too informal to satisfy *Buckhannon*'s test. The record reflects that after the parties jointly notified the district court that *Obergefell* resolved the legal issues in the case, the district court confirmed the defendants' recognition of the Aaron-Brushes' rights under *Obergefell* and moderated the parties' agreements to satisfy the couple's specific concerns about their ability to exercise those rights in Alabama. Instead of directing the parties to act or else face the court's enforcement, the district court supplied the parties with suggestions for facilitating the defendants' voluntary compliance.

Put another way, the defendants' agreement to comply with *Obergefell*, rather than district court's directives, was the impetus for the parties' resolution of their dispute. Thus, on this record, the Aaron-Brushes have not demonstrated that they benefitted from a judicially sanctioned change in their legal relationship with the defendants such that they must be deemed prevailing parties under § 1988(b).

## IV.    Conclusion

For these reasons, we affirm the district court's denial of the Aaron-Brushes'

motion for attorney's fees.

**AFFIRMED.**